IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES**

**v.**                                                                                        **CRIMINAL NO. 1:22-cr-15-TBM-BWR**

**JOSE GUADALUPE RAMIREZ**

**ORDER**

Now before the Court is Defendant Jose Guadalupe Ramirez's Motion for Reconsideration [77] of the Court's Order [75] denying Ramirez a sentencing reduction under Sentencing Guidelines Amendment 821—Part B. The Government has not filed a response. Upon review of Ramirez's Motion, the record, and the applicable legal authority, the Court finds that Ramirez's Motion for Reconsideration [77] should be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Ramirez's current term of incarceration results from his conviction on the two count Indictment for conspiracy to distribute heroin while traveling in interstate commerce in violation of Title 21 U.S.C. § 841(b)(1)(A) and Title 18 U.S.C. § 1952(a)(3). Ramirez was sentenced to a term of 60 months imprisonment. On June 13, 2024, this Court denied Ramirez a sentence reduction under 2023 U.S.S.C. Amendment 821. He now seeks reconsideration of that decision and asks the Court to lower his offense level. Specifically, Ramirez argues that under Amendment 821—Part B, "Ramirez qualifies for a two-point reduction of his offense level . . . because at sentencing, he had zero criminal history points . . . and he meets all the other criteria enumerated in § 4C1.1(a)(2) through (a)(10)." [77], pg. 4. Ramirez asserts that his offense level at sentencing was 27, but "[w]ith the two-point reduction under § 4C1.1., his offense level will be 25," which "yields a Guidelines sentence range of 57 to 71 months in prison." *Id*. In his Motion, Ramirez seeks a "sentence reduction to 57 months." *Id*.

## II. DISCUSSION AND ANALYSIS

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, Ramirez's Motion for Reconsideration is merely a form motion with no mention of what this Court must consider. Without more, his Motion should be denied. *See United States v. Heredia*, No. 19-cr-51-GGG, 2024 WL 3105019, at * 2 (E.D. La. Jun. 24, 2024).[1] To begin, he does not present the Court with newly discovered evidence, nor does he argue that such evidence exists. Second, he does not argue that there was any intervening change in the law. Finally, he does not argue that the Court erred in its prior decision or that any other circumstances exist warranting reconsideration. Instead, Ramirez simply argues that the Court should resentence him to avoid "unwanted sentencing disparities." And Ramirez does not point to any specific defendant who is similarly situated in terms of specific conduct and history. Further, even if it were assumed there were some type of minor

---

[1] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Whale Cap., L.P. v. Ridgeway*, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

disparity, Ramirez's original sentence of 60 months does not create such a disparity "between similarly situated defendants" to justify a different sentence. Indeed, even if his offense level was lowered by two points and his guideline range was recalculated, as requested, his sentence of 60 months would be within the recalculated guideline range—and would nevertheless be consistent with the statutory maximum.

Finally, in consideration of the other Section 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that he is not entitled to a reduction in sentence. As discussed at sentencing, Ramirez was involved in transporting over 4,000 grams of heroin across state lines, and given that conduct, the Court stated that it would have imposed the same sentence, regardless of the Guideline calculations, as a variance or non-Guidelines sentence based upon the relevant Section 3553 factors. Therefore, after careful consideration of the record, Ramirez's Motion, the applicable legal authority, the facts and circumstances of this case, the personal history and characteristics of Ramirez, the Court finds that Ramirez's original sentence of 60 months is appropriate. Ramirez's Motion for Reconsideration [77] is denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant Jose Guadalupe Ramirez's Motion for Reconsideration [77] is DENIED.

**This, the 24th day of July, 2024.**

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**